Reversed and Remanded and Opinion filed August 4, 2011.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00153-CV



 

Alphonsus O. Ezeoke, Appellant

V.

Cynthia Tracy, Appellee

 



On Appeal from the 245th
District Court

Harris County, Texas

Trial Court Cause No. 2007-67781



 

OPINION

Alphonsus O. Ezeoke appeals from an order awarding
attorney’s fees and expenses as sanctions against him and in favor of Cynthia
Tracy.  We reverse and remand.

BACKGROUND

This appeal arises from litigation in which attorney
Ezeoke represented Jossie Herrera and attorney Tracy represented Natanael
Herrera.

Jossie and Natanael Herrera were divorced on April 2,
2008.  Acting on Natanael Herrera’s behalf, Tracy filed a Motion to Modify the
Parent-Child Relationship and a Motion to Confirm Child Support Arrears on
April 8, 2009.  Acting on Jossie Herrera’s behalf, Ezeoke filed an Amended
Motion to Deny Relief in Suit Affecting Parent-Child Relationship on May 14,
2009.  Tracy contends that Ezeoke did not serve this pleading on her or her
client on the day reflected in the certificate of service.

The attorneys exchanged numerous communications
between May and December 2009.  An unsuccessful mediation was held on May 27,
2009.  The trial court issued a scheduling order on June 23, 2009, which
included notice of a January 11, 2010 trial setting.  The scheduling order also
included a notice requiring mediation to be completed before the final trial on
the merits scheduled for January 11, 2010.  Tracy contends that she attempted
without success on multiple occasions in November and December 2009 to
communicate with Ezeoke to schedule mediation.  On December 7, 2009, Tracy
filed an Opposed Motion to Compel Mediation and set the motion for hearing on
January 6, 2010.

Ezeoke filed a motion on December 18, 2009 seeking a
continuance of (1) the hearing on Tracy’s motion to compel mediation set for
January 6, 2010; and (2) the January 11, 2010 trial setting.  Ezeoke filed a
supporting affidavit in which he stated, “This case is scheduled for mediation
and trial because of the attitude of Cynthia Tracy and her office and the
continued unprofessional and megalomaniacal [sic] attitude of Ms. Tracy towards
me.  This case should not even be at this stage but for the attitude of Ms.
Tracy.”  He further stated, “[T]he only way to stop the nonsense and the egos
involved in this case is for the Court to intervene and settle this case for
the parties without the attorneys’ egos as impediment.”

Ezeoke’s affidavit in support of the motion for
continuance also stated that he would be leaving the United States on December
19, 2009 and traveling to Nigeria to fulfill certain obligations in his home
town.  Ezeoke’s affidavit stated that he would return to the United States on
January 15, 2010, and that he had retained an attorney to appear on his behalf
in connection with the hearing on the motion for continuance.

Tracy filed a First Amended Motion for Sanctions Including
For Failure to Serve and Response to Motion for Continuance on January 4, 2010,
in which she invoked the trial court’s authority to impose sanctions based on
(1) the trial court’s inherent power; (2) Chapter 10 of the Civil Practice and
Remedies Code relating to signing of pleadings and motions; and (3) Texas Rule
of Civil Procedure 21b relating to sanctions for failure to serve copies of
pleadings, which incorporates by reference the sanctions available under Rule
215.2(b).[1] 
Tracy did not invoke Rule 13 in her January 4, 2010 sanctions motion, and on
appeal she disclaims any reliance upon Rule 13.  The motion includes a
certificate of service in which Tracy certified that “a true copy of the above
was served on each attorney of record or party in accordance with the Texas
Rules of Civil Procedure on January 4, 2010.”  The motion also includes a
notice of hearing on the first amended motion for sanctions at 10:00 a.m. on
January 11, 2010.

The trial court conducted a hearing on Ezeoke’s
motion for continuance on January 6, 2010.  An attorney hired by Ezeoke
appeared at this hearing; Ezeoke did not. The trial court denied the continuance
on that date, and also signed an order directing the parties to attend
mediation on January 7, 2010.  The attorney hired by Ezeoke signed the
mediation order “approved as to form only” on behalf of Ezeoke.  Neither Ezeoke
nor his client Jossie Herrera appeared at the mediation on January 7, 2010.

Tracy’s January 4, 2010 sanctions motion asserted
that Ezeoke (1) failed to serve a copy of the Amended Motion to Deny Relief in
Suit to Modify the Parent-Child Relationship when it was filed on May 14, 2009,
as represented in the certificate of service; and (2) filed a Motion for
Continuance on December 18, 2009, which contained personal attacks on Tracy,
for improper purposes including harassment, delay, and increasing the cost of
litigation.  Among other things, Tracy asked the trial court to award
“reasonable attorney’s fees in the amount of at least $1,500 . . . .”

The trial court conducted a hearing on the sanctions
motion on January 11, 2010.  Tracy was present at the hearing, along with
Jossie Herrera.  Ezeoke was not present, and no attorney appeared on his behalf.

At the January 11, 2010 hearing, Tracy summarized her
contentions regarding the conduct prompting her request for sanctions.  Tracy
asserted that this conduct involved “an ongoing pattern of misrepresentation
and misciting the facts to the Court . . . .”  She summarized her contentions
regarding the two matters raised in her January 4, 2010 motion — namely, Ezeoke’s
conduct in connection with failing to serve the Amended Motion to Deny Relief
in Suit to Modify the Parent-Child Relationship on May 14, 2009, and the filing
of the Motion for Continuance on December 18, 2009.

Tracy raised two additional complaints at the January
11, 2010 sanctions hearing regarding Ezeoke’s conduct in (1) failing to appear
at mediation on January 7, 2010; and (2) causing Tracy to wait in court for an
hour in June 2009 while Ezeoke attempted to demonstrate to the court that he
had a valid vacation letter on file.  The trial court admitted all exhibits
proffered by Tracy and took judicial notice of the entirety of the court’s file
during the hearing.  Jossie Herrera testified that she had not been notified of
the mediation scheduled for January 7, 2010.

Tracy requested an award of $3,081.58 in attorney’s
fees and expenses at the sanctions hearing, and submitted a supporting
spreadsheet as an exhibit.  This amount consists of (1) $2,074.34 attributed to
correspondence, a motion, a proposed order, a hearing, and a no-show fee
related to the mediation scheduled for January 7, 2010 mediation; (2) $757.24
attributed to preparation and presentation of the January 4, 2010 motion for
sanctions, and preparation of the sanctions order; and (3) $250 attributed to time
lost due to Ezeoke’s “misrepresentation on vacation letter” in June 2009.[2]

The trial court signed an order on January 11, 2010
in which it assessed sanctions against Ezeoke individually and directed him to
pay $3,081.58 in attorney’s fees and expenses as requested to “Cynthia B.
Tracy, Attorney at Law, P.C.”  The trial court found good cause to sanction Ezeoke
because he 

·       
failed to “comply with the Local Rules of Harris County requiring
the parties to attend mediation prior to trial set for January 11, 2010,” which
necessitated a motion to compel mediation, and failed to appear at mediation on
January 7, 2010;

·       
made “misrepresentations on June 5, 2009 to the court about
having a vacation letter on file for a time period he stated he was
unavailable, causing an additional delay in the proceedings when he had no
vacation letter in Harris County on file for that time period;”

·       
failed to serve a copy of the Amended Motion to Deny Relief in
Suit to Modify the Parent-Child Relationship on May 14, 2009; and

·       
filed a motion for continuance on December 18, 2009 that included
“unfounded accusations, misrepresentations, and name-calling of opposing
counsel,” and that was “without merit since Alphonsus Ezeoke had failed to file
a vacation letter with Harris County for that time period and had knowledge of
the trial setting since July 7, 2009.”

The trial court also made
three specific findings in support of its sanctions award:  (1) the motion for
continuance was “signed in violation of Texas Civil Practice & Remedies
Code Section 10.001 and contrary to the principles set for[th] in the Texas
Lawyer’s Creed;” (2) the motion for continuance was ‘brought for an improper
purpose, including harassment, delay, and/or has increased the costs of this
litigation;” and (3) “[t]here is a direct relationship between the sanctions
imposed and the offensive conduct.”

The trial court also signed an Agreed Order in Suit
to Modify Parent-Child Relationship on January 11, 2010.  The agreed order
states that Jossie Herrera “appeared in person, and released her attorney of
record, Alphonsus O. Ezeoke, as her attorney who did not appear for trial after
being duly notified.”

On January 28, 2010, Ezeoke filed a Motion for New
Hearing on Attorney Cynthia Tracy’s Motion for Sanctions and a notarized
affidavit signed by Ezeoke.  The motion contains a “verification” signed by
Ezeoke, but the “verification” is not notarized.  Among other things, Ezeoke’s
affidavit states that he bought tickets for travel from Houston to Nigeria to
attend to certain obligations in his home town.  Ezeoke attached a copy of an
itinerary from Emirates Airline indicating that Ezeoke left Houston for Nigeria
on December 21, 2009 and returned to Houston on January 17, 2010.  Ezeoke
contended that sanctions were not warranted because

·       
Tracy failed to establish that the standards for awarding
sanctions were met;

·       
“the Court and Ms. Tracy were aware that Mr. Ezeoke was out of
the country” when the January 4, 2010 motion for sanctions was filed and when
it was heard on January 11, 2010;

·       
the motion for continuance was not brought for an improper
purpose;

·       
Ezeoke’s statements in the motion for continuance criticizing
Tracy “are factually correct” and “completely true” because Tracy “has been a
complete impediment to the settlement of this case” and her “unprofessional
attitude is unquestionable;”

·       
Ezeoke did not make misrepresentations to the trial court on June
5, 2009 about having a vacation letter on file for a time period during which
he said he was unavailable;

·       
Ezeoke served Tracy with the Amended Motion to Deny Relief in
Suit to Modify Parent-Child Relationship by handing a copy of this pleading to
a mediator on May 27, 2009, who in turn handed it to Tracy;

·       
the previous mediation on May 27, 2009 was unsuccessful;

·       
Ezeoke and his client Jossie Herrera did not receive sufficient
notice of the January 7, 2010 mediation and did not have enough time to attend
because the order compelling mediation on January 7, 2010 was signed on January
6, 2010, while Ezeoke was out of the country;

·       
the January 4, 2010 motion for sanctions did not include failure
to mediate as one of the grounds for seeking sanctions;

·       
the amount awarded for attorney’s fees and expenses is excessive;

·       
“[t]he Sanction was filed after the Petitioner was sure that the
Respondent’s attorney was out of the country and was sure that the motion for
sanctions would be granted by default;” and

·       
Ezeoke received insufficient notice of the hearing on the motion
for sanctions.

A hearing on the motion for
rehearing was held on February 4, 2010 before a judge other than the one who
signed the January 11, 2010 sanctions order.  Ezeoke and Tracy both were
present; no transcript of that hearing has been included in the record on
appeal.  An order denying the motion for reconsideration was signed on February
4, 2010.  Ezeoke timely appealed.

Ezeoke challenges the January 11, 2010 sanctions
order in four issues on appeal.  Ezeoke contends that the trial court erred in
sanctioning him because (1) sanctions are not warranted, the applicable
standards have not been satisfied, insufficient notice was provided, and the
amount of sanctions is excessive; (2) sanctions are not appropriate based on
his statements about opposing counsel because those statements are a truthful
personal opinion; (3) the trial court erred in finding that Ezeoke failed to
serve the Amended Motion to Deny Relief in Suit to Modify Parent-Child
Relationship; and (4) a failure to mediate does not justify sanctions because Tracy
did not complain of that conduct in her sanctions motion.[3]

ANALYSIS

I.                  
Sanctions Standards

The trial court’s imposition of sanctions rests on its
invocation of (1) its inherent authority to impose sanctions; (2) Chapter 10 of
the Civil Practices and Remedies Code, which authorizes sanctions against an
attorney who signs a pleading and submits it for improper purposes such as
harassment, unnecessary delay, or needless increase in the cost of litigation; and
(3) Rule 21b relating to failure to serve pleadings, which incorporates by
reference the penalties available under Rule 215.2(b).  See Tex. Civ.
Prac. & Rem. Code Ann. §§ 10.001-.006 (Vernon 2002); Tex. R. Civ. P. 21b;
215.2(b).

Trial courts have inherent power to impose sanctions
for bad faith abuse of the judicial process even when the targeted conduct is
not expressly covered by a rule or statute.  See, e.g., Eichelberger v.
Eichelberger, 582 S.W.2d 395, 398-99 (Tex. 1979).  The exercise of this
inherent power is reviewed for abuse of discretion.  McWhorter v. Sheller, 993
S.W.2d 781, 788-89 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  The
scope of a trial court’s discretion in this context is limited by the
recognition that this power “exists to the extent necessary to deter,
alleviate, and counteract bad faith abuse of the judicial process, such as any
significant interference with the traditional core functions of Texas courts.” 
Id. at 789 (citing Kutch v. Del Mar College, 831 S.W.2d 506, 509-10
(Tex. App.—Corpus Christi 1992, no writ)).  “Accordingly, for inherent power to
apply, there must be some evidence and factual findings that the conduct
complained of significantly interfered with the court’s legitimate exercise of
one of these powers.”  Id.  The core functions of Texas courts subject
to protection by the inherent power to sanction encompass “‘hearing evidence,
deciding issues of fact raised by the pleadings, [and] deciding questions of
law . . . .’”  Trevino v. Ortega, 969 S.W.2d 950, 958 (Tex. 1998)
(Baker, J., concurring) (quoting Kutch, 831 S.W.2d at 510); see also
Kutch, 831 S.W.2d at 510 (additional core functions of the judiciary
include entering final judgment and enforcing judgment).

Imposition of sanctions under Chapter 10 also is
reviewed for abuse of discretion.  Low v. Henry, 221 S.W.3d 609, 614
(Tex. 2007).  “To determine if the sanctions were appropriate or just, the
appellate court must ensure there is a direct nexus between the improper
conduct and the sanction imposed.”  Id. (citing Spohn Hosp. v. Mayer,
104 S.W.3d 878, 882 (Tex. 2003), and TransAmerican Natural Gas Corp. v.
Powell, 811 S.W.2d 913, 917 (Tex. 1991)).  The nexus requirement ensures
that the sanction is “directed against the abuse and toward remedying the
prejudice caused [to] the innocent party.”  TransAmerican, 811 S.W.2d at
917.  Additionally, the sanction must not be excessive.  Id.  The
two-prong inquiry into whether a nexus exists and whether the sanction is excessive
applies as well to sanctions imposed under Rule 215.2(b).  Spohn Hosp.,
104 S.W.3d at 882.

II.              
Application of Standards

A.    Inherent Power
to Impose Sanctions

The trial court imposed sanctions based in part on
its findings that Ezeoke failed to comply with local rules requiring the
parties to attend mediation before trial; failed to appear at mediation on
January 7, 2010; and made oral misrepresentations to the court in June 2009
about having a vacation letter on file for a time period he stated he was unavailable. 
Chapter 10, Rule 21b, and Rule 215.2(b) do not apply to this conduct because it
does not pertain to signing or filing pleadings; serving pleadings; or
discovery.  Therefore, inherent power is the only permissible basis invoked by
the trial court for sanctioning Ezeoke for this conduct.

The January 11, 2010 order does not meet the
requirements for imposing sanctions pursuant to the trial court’s inherent
power because the order makes no findings that Ezeoke’s conduct significantly
interfered with the court’s legitimate exercise of core functions such as hearing
evidence, deciding issues of fact raised by the pleadings, deciding questions
of law, entering final judgment, or enforcing a judgment.  See McWhorter,
993 S.W.2d at 789 (reversing imposition of sanctions pursuant to inherent power
when “no such finding was made” addressing core functions).  Without such
findings, the January 11, 2010 order cannot be affirmed based on the trial
court’s invocation of its inherent power to impose sanctions.

B.     Rule
215.2(b)

The trial court relied on Rule 21b and Rule 215.2(b)
in sanctioning Ezeoke for failing to serve a copy of the Amended Motion to Deny
Relief in Suit to Modify the Parent-Child Relationship on May 14, 2009.  However,
there is no nexus between this conduct and any amount encompassed by the trial
court’s award of $3,081.58 in attorney’s fees and expenses.  None of the fees
or expenses detailed in the spreadsheet admitted into evidence as Exhibit 38
during the January 11, 2010 sanctions hearing are attributed to this conduct. 
The January 11, 2010 sanctions order awards only attorney’s fees and expenses;
it does not award any amounts purely as a penalty.  And unlike Chapter 10, no
provision in Rule 21b or Rule 215.2(b) references an award of expenses and
attorney’s fees incurred by the prevailing party in presenting a motion for
sanctions.  See Tex. Civ. Prac. & Rem. Code § 10.002(c).  Because
there is no nexus between the amount awarded and this targeted conduct, the
failure to effect timely service of this pleading does not support the trial
court’s January 11, 2010 sanctions order.  See  Spohn Hosp., 104
S.W.3d at 882.

 

C.    Civil
Practice and Remedies Code Chapter 10

The trial court invoked Chapter 10 in sanctioning
Ezeoke for filing a motion for continuance on December 18, 2009 that included
“unfounded accusations, misrepresentations, and name-calling of opposing
counsel,” and that was “without merit since Alphonsus Ezeoke had failed to file
a vacation letter with Harris County for that time period and had knowledge of
the trial setting since July 7, 2009.”  The trial court specifically found that
(1) the motion for continuance was “signed in violation of Texas Civil Practice
& Remedies Code Section 10.001 and contrary to the principles set for[th]
in the Texas Lawyer’s Creed;” (2) the motion for continuance was ‘brought for
an improper purpose, including harassment, delay, and/or has increased the
costs of this litigation;” and (3) “[t]here is a direct relationship between
the sanctions imposed and the offensive conduct.”

Ezeoke contends, among other things, that he did not
receive the notice required under section 10.003 because the motion for
sanctions was served and the sanctions hearing was held while he was out of the
country.  See Tex. Civ. Prac. & Rem. Code Ann. § 10.003 (“The court
shall provide a party who is the subject of a motion for sanctions under
Section 10.002 notice of the allegations and a reasonable opportunity to
respond to the allegations.”).  Tracy contends that Ezeoke has not rebutted the
prima facie evidence of service established by her certificate of service on
the sanctions motion because (1) the denial of notice in Ezeoke’s unverified
motion for rehearing is ineffective, and (2) Ezeoke’s affidavit in support of
his motion for rehearing does not deny notice or receipt of service.

We need not choose between these positions because
the January 11, 2010 sanctions order does not satisfy section 10.003 even if it
is assumed that Ezeoke had notice of the January 4, 2010 motion for sanctions
and the January 11, 2010 sanctions hearing.  Section 10.003 requires not just
notice, but also a “reasonable opportunity to respond to the allegations.”  The
uncontroverted record establishes that Ezeoke (1) had given prior notice of his
absence from the country during the time period when the sanctions hearing was
held; (2) was in fact out of the country; and (3) returned to the United States
as scheduled shortly after the hearing was held.  There is no indication in the
record that Ezeoke purposefully evaded the sanctions hearing, which was noticed
after his announced departure for a date before his scheduled return.  These
circumstances do not demonstrate that a “reasonable opportunity to respond to
the allegations” was provided before sanctions were imposed.

We express no opinion about the legitimacy of the
reasons Ezeoke gave to explain his absence and justify his departure for
Nigeria without first having obtained a ruling on his motion for continuance. 
Depending on the circumstances, a lawyer’s purposeful absence despite a known
court setting may or may not warrant sanctions.  A lawyer who gambles by
requesting a continuance and then leaving the country before the request has
been ruled on reasonably can anticipate adverse consequences.  But if sanctions
are requested and considered, and if the record discloses no reason why the
absent lawyer cannot be afforded a reasonable opportunity to respond and to
participate in a sanctions hearing upon his scheduled return, then the
imposition of sanctions in absentia is as much a cause for concern as
the unexcused absence itself.  Cf. Low, 221 S.W.3d at 618 (absent attorney
was represented by counsel at sanctions hearing).[4]

Because Ezeoke was not afforded the “reasonable
opportunity to respond” required by section 10.003, the January 11, 2010
sanctions order cannot be upheld based on the trial court’s invocation of
Chapter 10.  A remand for proceedings in conformity with section 10.003 is
warranted.[5]

 

CONCLUSION

The trial court’s January 11, 2010 sanctions order is
reversed, and the matter is remanded for further proceedings consistent with
this opinion.

 

 








                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices Brown,
Boyce, and Jamison.

 









[1]
On May 11, 2009, Tracy filed an Answer to Motion to Deny Relief in Suit to
Modify Parent-Child Relationship and Request for Sanctions.  In that pleading,
Tracy contended sanctions were warranted because Ezeoke falsely alleged that
the suit to modify was filed within one year after the rendition of the order
sought to be modified.  Tracy filed a First Amended Answer to Motion to Deny
Relief in Suit to Modify Parent-Child relationship and Request for Sanctions on
June 3, 2009.  In this pleading, Tracy contended sanctions were warranted
because Ezeoke (1) falsely alleged that the motion to modify was filed within
one year after rendition of the order sought to be modified; and (2) failed to
serve a copy of an Amended Motion to Deny Relief in Suit to Modify Parent-Child
relationship when it was filed on May 14, 2009.  There is no indication in the
appellate record that the trial court ruled on either of the two earlier
sanctions requests.





[2] 
As filed, the January 4, 2010 motion sought sanctions against both Ezeoke and
his client, Jossie Herrera.  During the hearing on January 11, 2010, Tracy
clarified that she sought sanctions solely on behalf of her professional
corporation, “Cynthia Tracy, Attorney-at-Law, P.C.,” and not on behalf of her
client.  Tracy also clarified that she was requesting sanctions solely against
Ezeoke individually and not against his client, Jossie Herrera.





[3]
As a threshold matter, we reject Tracy’s contention that Ezeoke waived all
challenges to the imposition of sanctions because he did not object to the
imposition of sanctions before or at the sanctions hearing.  The motion for
sanctions was filed on January 4, 2010, and the hearing was held on January 11,
2010.  It is undisputed on this record that Ezeoke was out of the country until
mid-January.  Under these circumstances, Ezeoke’s timely “Motion for a New
Hearing on Attorney Cynthia Tracy’s Motion for Sanctions” filed on January 28,
2010 sufficed to preserve his challenges to the imposition of sanctions.  See
Howell v. Tex. Workers’ Comp. Comm’n, 143 S.W.3d 416, 450 (Tex. App.—Austin
2004, pet. denied); Kiefer v. Cont’l Airlines, Inc., 10 S.W.3d 34, 41
(Tex. App.—Houston [14th Dist.] 1999, pet. denied).





[4]
This concern is not diminished by the fact that a hearing on Ezeoke’s motion
for rehearing was held on February 4, 2010 in front of a different judge.  A
“reasonable opportunity to respond” to a sanctions request contemplates
something more than the chance to ask one trial court judge to reverse
sanctions that already have been imposed by another trial court judge.





[5]
In light of this remand, we express no opinion regarding (1) the trial court’s
finding that Ezeoke included “unfounded accusations, misrepresentations, and
name-calling of opposing counsel” in the motion for continuance; or (2)
Ezeoke’s contentions on appeal regarding this finding.  This issue should be
addressed in the first instance on remand in conformity with section 10.003.